1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7   STATE BAR OF CALIFORNIA,                    Case No. 20-mc-80014-CW  (WHO)

                    Plaintiff,
8
9          v.                                   **ORDER RE PRE-FILING REVIEW
                                                AND REMANDING CASE**
10  DANIEL EVERETT,                             Re: Dkt. Nos. 1, 2

                    Defendant.
11
12
13          Daniel Everett, who is an inactive attorney representing himself, has made multiple

14  attempts to remove attorney disciplinary actions brought against him by the State Bar of

15  California.  On May 2, 2017, Judge Susan Illston remanded his first attempt to do so in Case. No.

16  17-cv-01716-SI.  Judge Illston adopted the Report and Recommendation of Magistrate Judge

17  Donna M. Ryu, which explained why this court does not have subject matter jurisdiction over state

18  bar disciplinary actions under 28 U.S.C. §§ 1443, 1331, and 1441.  *See* Order Reassigning Case to

19  District Judge, Report and Recommendation to Remand Case, Case. No. 17-cv-01716-DMR [Dkt.

20  No. 18]; Order Adopting Report and Recommendation and Remanding Action, Case No. 17-cv-

21  01716-SI [Dkt. No. 21].

22          Since 2017, Everett has attempted to remove attorney disciplinary actions at least six

23  times.  *See* Case No. 17-cv-03595-SI; Case No. 18-cv-00051-SI; Case No. 18-cv-05879-SI; Case

24  No. 19-mc-80246-VC; Case No. 19-mc-80294-EMC; Case No. 19-cv-5945-DMR.  On February

25  1, 2019, Judge Susan Illston issued an order directing the Clerk that "no further notices of removal

26  shall be accepted from Daniel Everett for filing without the approval of this Court."  Order

27  Granting Plaintiff's Motion For Remand, Remanding Action, and Imposing Sanctions, Case No.

28  18-cv-05879-SI [Dkt. No. 32] (hereinafter "Prefiling Order").

1    On December 17, 2019, the State Bar of California initiated a set of proceedings against

2 Everett in the San Francisco County Superior Court, Case No. CPF 19-516962. The State Bar

3 requests, pursuant to California Business and Professions Code § 6180.8, that the state court

4 assume jurisdiction over the law practice of Everett and appoint the State Bar as its designee to act

5 under its direction "to obtain physical possession of the client files and the client trust account and

6 to undertake such other duties as may be required to protect the interests of the clients and others."

7 *See* PFR, Exhibit at 5 [Dkt. No. 1-1].[1]

8    On the same day, Everett attempted to remove the case to this court. *See* Petition for

9 Removal, Case No. 19-mc-80294-EMC [Dkt. No. 1]. The State Bar filed a motion to close the

10 case pursuant to the Prefiling Order issued by Judge Illston. *See* Administrative Motion to Close

11 Case, Case No. 19-mc-80294-EMC [Dkt. No. 3]. On January 8, 2020, Judge Edward M. Chen

12 granted the State Bar's motion, finding that the matter was "erroneously filed contrary to a

13 prefiling order filed February 1, 2019 in *State Bar of California v. Daniel Everett*, 18-cv-05879-

14 SI" and that "the action is clearly not subject to removal." *See* Order Granting State Bar of

15 California's Motion to Close Case, Case No. 19-mc-80294-EMC [Dkt. No.5].

16    The state court case continued, and on January 16, 2020, Judge Ethan P. Schulman granted

17 the State Bar's application for assumption of jurisdiction over Everett's law practice. The

18 following day, Everett filed yet another petition for removal of that state court case, which is

19 before me now. Petition for Removal ("PFR") [Dkt. No. 1]. Everett also filed an application to

20 proceed *in forma pauperis*. Motion for Leave to Proceed *in forma pauperis* ("IFP") [Dkt. No. 2].

21    I have reviewed the PFR in accordance with the Prefiling Order issued by Judge Illston and

22 determine that this action is clearly not subject to removal.[2] As stated in the Prefiling Order, this

23

24 [1] California Business and Professions Code § 6180 provides that "[w]hen an attorney engaged in
law practice . . . becomes an inactive licensee of the State Bar . . . notice of cessation of law

25 practice shall be given and the courts of this state shall have jurisdiction." Cal. Bus. & Prof. Code
§ 6180.

26 [2] There are two prefiling orders filed against Everett in this district. On August 14, 2013, Judge

27 Claudia Wilken issued an order holding that all future attempts by Everett to remove state court
case No. CUD 12-642904, an eviction action brought against Everett, shall be forwarded to Judge

28 Wilken for prefiling review. *See* Pre-Filing Order, Case No. 13-cv-02706 [Dkt. No. 23]. Everett
attached a copy of Judge Wilken's prefiling order as an exhibit to his PFR. *See* Dkt. No. 1-2. To

2

court "does not have subject matter jurisdiction over the underlying state attorney disciplinary claim." *See* Prefiling Order.

The Clerk is directed not to accept the PFR for filing.  The action is deemed never to have been removed, and the pending *in forma pauperis* motion is therefore moot.  This miscellaneous case is DISMISSED.

**IT IS SO ORDERED.**

Dated: January 23, 2020

William H. Orrick
United States District Judge

clarify, Judge Illston's prefiling order is operative here because it addresses Everett's multiple attempts to remove state bar disciplinary actions.